1  Christopher Seidman (SBN 98884)
   Harmon & Seidman LLC
2  101 South Third Street, Suite 265
   Grand Junction, Colorado 81501
3  Tel: (970) 245-9075
   Fax: (970) 245-8086
4  E-mail: chris@harmonseidman.com

5  Robert W. Crockett (SBN 79918)
   Harmon & Seidman LLC
6  33 Spindrift Passage
   Corte Madera, California 94925
7  Tel: (415) 945-1830
   E-mail: robert@harmonseidman.com

8  Heather Norton (SBN 257014)
   Harmon & Seidman LLC
9  2627 18th Avenue
   San Francisco, California 94116
10 Tel: (415) 728-3527
   E-mail: heather@harmonseidman.com

11 *Attorneys for Plaintiff Minden Pictures, Inc.*

12              UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA
14

15 MINDEN PICTURES, INC.,                )   **CV 13 3246**
                                         )   Case No.
16         Plaintiff,                    )
                                         )
17 v.                                    )   COMPLAINT
                                         )
18 JOHN WILEY & SONS, INC.,              )
                                         )   DEMAND FOR JURY TRIAL
19         Defendant.                    )
                                         )
20

21

22     Plaintiff Minden Pictures, Inc. ("Plaintiff" or "Minden"), for its Complaint against
23 Defendant John Wiley & Sons, Inc. ("Wiley") alleges:

24                          **STATEMENT OF ACTION**

25     1.  This is an action for copyright infringement arising out of the unauthorized use by
26 Wiley of photographs co-owned by Minden.

27

28

1

COMPLAINT                                                    CASE NO. _-__-_____

# PARTIES

2. Minden, a California corporation, is an independently owned and operated stock photography agency, the primary business of which is licensing photographic images to publishers, including Wiley. Minden's office is located in Watsonville, California.

3. Wiley is a publisher with its corporate headquarters located in Hoboken, New Jersey. Wiley sells and distributes its publications in the Northern District of California and throughout the United States and overseas, including the publications and ancillary materials in which Minden's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Wiley acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

# JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code §§ 1331 (federal question) and 1338 (copyright).

# VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

# STANDING

6. The copyright claims brought against Wiley in this action involve the photographic images depicted in the attached Exhibit 1 (the "Photographs") that were licensed to Wiley by Minden. With the exception of any instances in which Wiley may have used the Photographs without any license, all of the claims in suit are based on licenses issued to Wiley by Minden. Stated another way, there are no claims in suit pertaining to licenses Wiley obtained directly from any of the photographers or from any other person or entity other than Minden. Wiley's copyright infringements that are the subject of this action are the result of its uses of the images in suit

beyond the scope of the permission Minden, acting with authority from its contributing photographers, granted Wiley.

7. Prior to licensing the Photographs to Wiley, Minden entered into written representation agreements with the photographers or their representatives. These representation agreements transferred beneficial co-ownership of "exclusive rights" to Minden, the rights to authorize publishers to copy, distribute and display the Photographs, and provided that Minden would receive a percentage of license fees. Accordingly, when it sold licenses authorizing Wiley to copy, distribute and display the Photographs and thereafter, Minden was a beneficial owner of "exclusive rights" under the copyrights.

8. Before filing this action, Minden entered into a Copyright Assignment, Accrued Causes of Action, and Litigation Agreement (collectively, "Original Copyright Assignments") with each of the Photographers or their representatives. The Original Copyright Assignments granted Minden co-ownership of all copyrights in the images and assigned to Minden the right to sue on any accrued or later accruing copyright infringement claims.

9. Also before filing this action, Minden obtained updated Copyright and Accrued Causes of Action Assignments ("Updated Copyright Assignments") from each of the Photographers. These assignments expressly state that they are intended to vest in both Minden and the Photographer a co-ownership interest in the copyrights to the images and include the right of both Minden and the Photographer to authorize copying of the images and distribution and display of copies of the images to the public. Accordingly, Minden is a legal owner of the copyrights to the Photographs. The Updated Copyright Assignments also authorize Minden, in its sole discretion, to present, litigate and settle any claims relating to unauthorized uses of the Photographs.

10. Minden filed a previous action against Wiley involving essentially the same claims as those stated in this Complaint, *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, Case No. C-12-4601 EMC (N.D. Cal.). On May 13, 2013, this Court issued an Order Granting in Part and

COMPLAINT                                                                                          CASE NO. _-__-____

Denying in Part Defendant's Motion to Dismiss,[1] in which the Court concluded that Minden's standing should be determined by the facts as they exist at the time the Complaint is filed. For that reason the Court declined to consider the effect on standing of the Updated Copyright Assignments, which were executed after the previous action was filed but before this action is being commenced. Accordingly, Minden files this Complaint so that the Court can consider the effect on standing of the Updated Copyright Assignments.

## ADDITIONAL FACTS COMMON TO ALL COUNTS

11. As set forth in Exhibit 1, the Photographs have been registered with the United States Copyright Office; or complete applications for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; or the Photographs are not United States works requiring registration under the Copyright Act.

12. In 1997 and later, in response to permission requests from Wiley, Minden sold Wiley limited licenses to use copies of the Photographs in its educational publications. The restrictions on these licenses included, among other things, limitations on the authorized print quantities for the various educational publications at issue; limitations on the geographic distribution for such publications; limitations on the languages in which such publications could be published; limitations on how the Photographs could be used within such publications; limitations on the duration of use; and media limitations (print or electronic).

13. Minden granted the limited use licenses in response to Wiley's representations to Minden that the use of the Photographs would not exceed the limitations contained in its license requests.

14. At the time Wiley represented to Minden in its requests that it needed specified, limited licenses to use the Photographs, Wiley often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

15. Wiley intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with Minden and to conceal

---

[1] Doc. 50.

4

COMPLAINT                                           CASE NO. _-__-_____-___

the copyright infringements that followed. Wiley's false and misleading representations deceived Minden and concealed the copyright infringements that followed.

16. Minden relied to its detriment on the truthfulness of the express limitations contained in Wiley's license requests in establishing Minden's license fees.

17. Upon information and belief, Wiley exceeded the permitted uses under the terms of the limited licenses granted by Minden in the publications identified in Exhibit 1 and related ancillary publications, including, but not limited to, custom editions, pupil editions, teacher editions and study guides, as well as digital, electronic and online editions, e-books, CDs, DVDs, CD-ROMs, flash drives, screen shots, laser disks, audiotapes, videotapes, Power Point presentations, uses on Internet websites, advertising and sales materials, samples, pilots, facsimiles and other associated publications and products.

18. Upon information and belief, Wiley used the Photographs without any license or permission in additional publications. Because Wiley alone knows these wholly unauthorized uses, Minden cannot further identify them without discovery. Upon information and belief, Wiley has developed a list of its wholly unlicensed uses and Minden's Photographs are among those Wiley has so identified.

19. When Wiley copied, distributed and used the Photographs without authorization, Wiley had a duty in equity and good conscience to disclose those uses to Minden. This is especially so because Wiley knew precisely when its use of the Photographs exceeded the applicable license limitations, or when the Photographs were used without any license, but Minden had no such knowledge nor any reason to assume Wiley was being deceitful in the uses it was making of the Photographs.

20. For years, the infringements that followed Wiley's deceitful acts were concealed. But for Minden's fortuitous discovery of facts giving light to Wiley's dishonesty, Wiley's infringements would be concealed to this day, as Wiley intended.

21. Prior to filing this action, Minden provided Wiley with a detailed breakdown of the Photographs and the terms pursuant to which they were licensed, and requested that Wiley provide

true and accurate information concerning the full scope of Wiley's uses of the Photographs. Wiley did not provide Minden with the requested information regarding its uses of Minden's Photographs that would have allowed the parties to explore a resolution of Minden's copyright infringement claims without litigation.

22. Wiley's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends beyond the publications in suit. While the lost licensing fee to any individual copyright holder is relatively small, Wiley has sold and distributed millions of its publications, generating billions in revenue. Wiley's business model, built on a foundation of pervasive and willful copyright infringement, deprived Minden and thousands of other visual art licensors of their rightful compensation and unjustly enriched Wiley with outlandish profits.

23. Numerous other stock photography agencies and photographers have brought actions against Wiley alleging copyright infringement claims similar to those asserted by Minden in this action, including the following 11 cases:

    a.    *John Wiley & Sons, Inc. v. Hiser*, No. 1:09-cv-4307 (S.D.N.Y);

    b.    *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No 5:11-cv-1655 (E.D. Pa.);

    c.    *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, No. 1:11-cv-0415 (D. N.H.);

    d.    *Bean v. John Wiley & Sons, Inc.*, No. 11-cv-8028 (D. Ariz.);

    e.    *Bean v. John Wiley & Sons, Inc.*, No. 3:12-cv-8001 (D. Ariz.);

    f.    *DRK Photo v. John Wiley & Sons, Inc.*, No. 3:11-cv-8133 (D. Ariz.);

    g.    *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-1416 (S.D.N.Y.);

    h.    *Frerck v. John Wiley & Sons, Inc.*, 1:11-cv-2727 (N.D. Ill.);

    i.    *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090 (S.D.N.Y.);

    j.    *Warren v. John Wiley & Sons, Inc.*, No. 12-cv-5070 (S.D.N.Y);

    k.    *Rubin v. John Wiley & Sons, Inc.*, No 12-cv-5071 (S.D.N.Y); and

    l.    *Young-Wolff v. John Wiley & Sons, Inc.*, 12-cv-5230 (S.D.N.Y.).

COMPLAINT        CASE NO. _-__-_____-____

24. Evidence submitted to the courts in the above actions demonstrates that Wiley has engaged in a systematic pattern of fraud and copyright infringement. For example:

    a. In *Psihoyos v. John Wiley & Sons, Inc.*, *supra*, a jury found Wiley liable for two counts of willful copyright infringement and awarded $130,000 in statutory damages.

    b. In *Bean v. John Wiley & Sons, Inc.*, *supra*, Wiley was found liable for 108 counts of copyright infringement for engaging in the copyright infringement scheme described herein.[2]

    c. Exhibit 2 sets forth additional examples of Wiley's infringements of one of several license parameters – print limits – in licenses issued by Visuals Unlimited, Inc. another stock photography agency whose photographs have been infringed by Wiley.

25. Upon information and belief, Wiley reproduced and distributed the Photographs to other entities, subsidiary companies, divisions, affiliates, and/or third parties ("the Third Parties"). Upon information and belief, Wiley's unauthorized reproduction and distribution to the Third Parties took place in the United States.

26. Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Minden's permission. By transmitting the Photographs to the Third Parties, Wiley enabled, induced, caused, facilitated or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

27. Upon information and belief, Wiley permitted the Third Parties to distribute Wiley's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories.

---

[2] 2012 WL 1078662 (D. Ariz. 2012).

7
COMPLAINT         CASE NO. _-__-_____-___

28. Upon information and belief, Wiley knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Minden's authorization.

29. Upon information and belief, Wiley knew that Third Parties were reproducing and distributing Minden's Photographs without Minden's authorization.

30. Upon information and belief, Wiley had the right and ability to supervise the Third Parties' use of the Photographs.

31. Upon information and belief, Wiley directly profited from its reproduction and distribution of the Photographs to the Third Parties. Upon information and belief, Wiley's foreign affiliates recognized revenues from the foreign distribution of publications containing the Photographs. Upon information and belief, the Third Parties pay Wiley for translation rights, including access to all of the content in the publications.

32. Minden has satisfied, or Wiley has waived, all conditions precedent to the filing of this complaint. On Minden's website, Minden agreed to forgo its right to sue if a licensee agreed to pay 10 times the normal price for unauthorized uses within 10 days of billing. Accordingly, Minden offered to settle all copyright infringement and contract claims pertaining to images licensed to Wiley for 10 times the normal price it would have charged for the unauthorized uses made. Wiley did not accept Minden's offer.

33. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT

34. Minden incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

35. The foregoing acts of Wiley constitute infringements of Minden's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

36. Minden suffered damages as a result of Wiley's unauthorized use of the Photographs.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

37. Minden incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

38. The foregoing acts of Wiley constitute contributory infringements of Minden's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq.*

39. Minden suffered damages as a result of Wiley's unauthorized use of the Photographs.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

40. Minden incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

41. The foregoing acts of Wiley constitute vicarious infringements of Minden's copyrights in the Photographs in violation of 17 U.S.C. § 501 et seq.

42. Minden suffered damages as a result of Wiley's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees and costs available under the Copyright Act and the license agreements.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

Date: July 12, 2013

Plaintiff Minden Pictures, Inc., by its attorneys,

*Robert W. Crockett*

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, California 94925
Tel: (415) 945-1830
E-mail: robert@harmonseidman.com

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel: (970) 245-9075
Fax: (970) 245-8086
E-mail: chris@harmonseidman.com

Heather Norton (SBN 257014)
Harmon & Seidman LLC
2627 18th Avenue
San Francisco, California 94116
Tel: (415) 728-3527
E-mail: heather@harmonseidman.com

COMPLAINT                                10                             CASE NO. _-__-_____-___